IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM E. SCHOOLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-5026 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

In this Social Security case, Defendant Michael J. Astrue, Commissioner of Social Security, has filed a Motion to Dismiss Plaintiff's Complaint and Brief in Support [Doc. # 5] ("Motion"), seeking dismissal based on the statute of limitations. Plaintiff William E. Schooler has filed a response.[1] The Motion now is ripe for decision.

Because both parties' briefing present documents outside the pleadings, Defendant's motion to dismiss accordingly is converted to a motion for summary

---

[1] Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss [Doc. # 7] ("Response").

judgment under Federal Rule of Civil Procedure 56.[2]  Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that summary judgment should be **granted** for Defendant.

## I.   BACKGROUND

In this suit, Plaintiff seeks retroactive payment of Social Security disability benefits for the period from August 29, 1996, through June 9, 2002.[3]  Plaintiff already has been granted disability benefits beginning in June 2002, based on an application for benefits filed on June 10, 2003.  He alleges, however, that he filed an earlier application for disability benefits in November 1996, and that the Social Security Administration (SSA) lost that application.

Plaintiff was injured in an automobile accident on or about August 29, 1996.  He states that, on or about November 15, 1996, he contacted the SSA to apply for disability benefits.  He was sent an application, which Plaintiff states he completed and returned by mail.  When he contacted the SSA in March 1997 about that

---

[2] FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Because Defendant's Motion was filed on February 18, 2011, and because Plaintiff filed a response in opposition to the Motion and attached additional materials to his briefing, Plaintiff has been given a "reasonable opportunity" to present pertinent material as required by Rule 12(d).

[3] Amended Complaint [Doc. # 2].

application, he was told that his file had been lost. He states that he reapplied for benefits on approximately March 15, 1997, again claiming disability beginning August 29, 1996. He alleges:

> Between March, 1997 and June, 1998, the Plaintiff contacted the [SSA] b[y] telephone on numerous occasions. Each time, he was told that his claim was "in the process." Similar communication continued between 1998 and 2006. On approximately February 1, 2005, Defendant told Plaintiff that the entire claim had been lost. At that time, he was advised by the District Office in Michigan City, Indiana that he could file a new claim, but he could only receive disability benefits back to May, 2003.[4]

Plaintiff does not state he has (and does not present) a copy of any of the applications he claims he filed in the 1990s. Plaintiff does not state that he filed a third application for benefits, and does not provide a date of submission for any such application. He simply alleges that he was partially denied benefits and filed for reconsideration of the decision. Plaintiff filed an appeal and was given a hearing on his claim on June 8, 2006, before Administrative Law Judge (ALJ) John E. Meyer.[5]

Defendant provides a different time line of events leading to the ALJ hearing.

---

[4] Response, at 1. *See* Affidavit of William E. Schooler [Doc. # 9], at 1, ¶ 2 ("It is my contention, under oath and under penalty of perjury, that I submitted an application in November, 1996, and that the Social Security Administration has lost that application. I am being denied nearly seven (7) years of benefits through no fault of my own.") Plaintiff's affidavit is not signed or notarized.

[5] Response, at 2; Amended Complaint, at 2.

Donald V. Ortiz, the SSA official with custody over Schooler's file,[6] states in a declaration that Plaintiff's application for disability benefits was filed on June 10, 2003, alleging disability as of March 3, 1999.[7] Ortiz states, "There is no evidence in the available records, electronic or paper, that an application for title II benefits was filed by the plaintiff in the years 1996 or 1997."[8] He explains that Plaintiff submitted an application dated June 10, 2003, which the SSA denied initially but, on reconsideration, was granted concluding that Plaintiff was disabled as of January 28, 2003.[9] Subsequently, Plaintiff requested a hearing before an ALJ, and revised his date

---

[6] Declaration of Donald V. Ortiz (attached to Motion) ("Ortiz Declaration"), at 2-3, ¶ 4. Ortiz is "Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration." *Id.* at 1. He states that he is "responsible for the processing of claims under Title II of the Social Security Act, as amended, whenever a civil action has been filed in the State of Texas. The official file maintained by the Office of Disability Adjudication and Review relating to the claim of the plaintiff, WILLIAM E. SCHOOLER, under Title II of the Social Security Act, is presently within my custody and has been examined under my supervision. Additionally, I have reviewed the electronic records available in this case." *Id.* at 2-3, ¶ 4.

[7] *Id.* at 3, ¶ 4(b) (citing Abbreviated DIB Review Sheet (Exhibit 1 to Ortiz Declaration)). The SSA file also reveals that Plaintiff had filed an application for benefits on September 15, 1986, *id.* at 3, ¶ 4(a) (citing Exhibit 1), before the onset of disability relevant to the case before this Court. Former counsel for Plaintiff states that Schooler's wife at the time filed the 1986 claim on his behalf, but that it was not Schooler's intention to pursue a claim and he allowed the claim to terminate. Affidavit of Jeffrey L. Thorne (attached to Response) ("Thorne Affidavit"), ¶ 5.

[8] Ortiz Declaration, at 4, ¶ 4(f).

[9] *Id.* at 3, ¶¶ 4(b), 4(c) (citing Notice of Award dated March 26, 2005 (Exhibit 2 to Ortiz Declaration)).

of onset of disability to August 29, 1996.[10]

On June 26, 2006, after an evidentiary hearing, ALJ Meyer found that Plaintiff had been disabled since August 29, 1996, and that he was entitled to disability benefits "[b]ased on the Title II application filed on June 9, 2003."[11] The opinion did not discuss any application for benefits filed in 1996 or 1997. Although the ALJ found Plaintiff disabled since August 29, 1996, he did not address the issue of retroactive benefits. Ortiz in his Declaration states that, based on the ALJ's Decision, Schooler "was given one year retroactive benefits and placed in payment status as of June 2002."[12]

On August 22, 2006, Plaintiff filed a request with the Appeals Council for

---

[10]  *Id.* at 3, ¶ 4(d).

[11]  Decision dated June 26, 2006 (Exhibit A to Amended Complaint) ("ALJ Decision"), at 4; *see id.* at 1 (decision's opening paragraph states, "The claimant filed a Title II application for disability insurance benefits on June 9, 2003"). The Court notes that this date is one day before the application date reflected in the records submitted by Ortiz. *See* Ortiz Declaration, at 3, ¶ 4(b). Elsewhere in the ALJ's opinion, further contributing to the confusion in this case over the date(s) of application by Schooler, the ALJ states that "claimant initially filed a claim for Social Security benefits in September, 2002" and, after his file was lost by the SSA during the reconsideration process, he "was allowed to file a new claim but only retroactive to May, 2003." ALJ Decision, at 1-2; *see id.* at 3. However, the Court need not resolve these discrepancies. Whether the Court were to assume an application date of June 10, 2003, June 9, 2003, or even September 2002, the assumption of these various different dates would not affect the disposition of the limitations issue before the Court in this Motion. As for Plaintiff's argument that he filed an application in 1996 and/or 1997 that was lost by the SSA, the argument is addressed in the Analysis section, *infra*.

[12]  *Id.* at 3, ¶ 4(d) (citing Notice of Award, dated July 22, 2006 (Exhibit 4 to Ortiz Declaration)).

review of the ALJ's decision.[13] The request for review was denied by the Appeals Council on April 26, 2007.[14] Nevertheless, thereafter, the Appeals Council apparently sent Schooler's request to reopen an earlier application to ALJ Meyer.[15] On July 13, 2007, ALJ Meyer wrote to Plaintiff "in regard to your request for reopening of an earlier application for benefits filed in or around November 1996."[16] The letter stated:

> I contacted the Social Security office in Merrillville, Indiana about your inquiry. However, they advised me they have no record, electronic or otherwise, of an application having been filed in 1996. . . .
>
> If you have any evidence in your possession showing you filed an application(s) in 1996 (e.g., a receipt, a date-stamped copy of the application, or correspondence from the Social Security Administration referring to your application), you should submit it to your local Social Security office for further consideration. Otherwise, there is nothing

---

[13] *Id*. at 3, ¶ 4(e) (citing Exhibit 5 to Motion). Plaintiff's request for review of the ALJ decision was filed by his attorney at the time, Jeffrey Lopez. Thorne. Thorne Affidavit, at 1, ¶ 3. Thorne states that, after Schooler filed his request for review, Schooler received a letter from an SSA employee named Standiford, which Thorne states "appear[ed] to be an attempt to threaten, harass, and intimidate WILLIAM SCHOOLER, and to discourage him from seeking benefits to which he is rightfully entitled." Thorne Affidavit, ¶ 11 (citing Letter from Standiford to Schooler, undated (Exhibit A to Thorne Affidavit)). Thorne responded to Standiford's letter and reiterated Schooler's intent to pursue review of the ALJ decision. Letter from J. Thorne to Standiford, dated September 28, 2006 (Exhibit B to Thorne Affidavit). As stated above, the request for review was adjudicated by the Appeals Council.

[14] Ortiz Declaration, at 3, ¶ 4(e).

[15] Letter from J. Meyer to W. Schooler, dated July 13, 2007 (Exhibit C to Thorne Affidavit). The letter states, "The Appeals Council notified you they were sending your request to me for action." *Id*.

[16] *Id*.

more I can do on this matter.[17] The letter then provided Schooler with the address and phone number for his local Social Security office.[18]

Plaintiff filed suit in this Court on December 10, 2010, more than three years after the Appeals Council denied his request for review. He claims that the ALJ "clearly indicated that benefits should be due and payable from August 29, 1996, and that regardless of the Social Security Administration's 'loss' of the file, benefits should be paid from that time."[19] He further alleges that the SSA "has refused to pay all benefits due and owing to the Plaintiff from August 29, 1996 to June 9, 2002."[20]

Defendant moves to dismiss Plaintiff's complaint as time-barred under the applicable statute of limitations.

## II. SUMMARY JUDGMENT STANDARD

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). As stated above, because the parties have presented documents outside the pleadings, the Motion is properly converted to a motion for

---

[17]   *Id.*

[18]   *Id.*

[19]   Response, at 2.

[20]   *Id.*

summary judgment under Rule 56.[21]

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.[22] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23]

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."[24] The moving party, however, need not negate the elements of the non-movant's case.[25] The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case."[26]

---

[21] FED. R. CIV. P. 12(d).

[22] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

[23] FED. R. CIV. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

[24] *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

[25] *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

[26] *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (internal
(continued...)

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.[27] "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[28]

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.[29] However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'"[30] The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.[31] Likewise, "conclusory allegations" or

---

[26] (...continued) citations and quotations omitted).

[27] *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

[28] *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations and quotation marks omitted).

[29] *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

[30] *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

[31] *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir.
(continued...)

"unsubstantiated assertions" do not meet the non-movant's burden.[32] Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."[33] In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.[34]

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.[35] A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.[36]

Finally, "[w]hen evidence exists in the summary judgment record but the

---

[31] (...continued)
2002).

[32] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

[33] *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).

[34] *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

[35] *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Love v. Nat'l Medical Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003).

[36] *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[37]

### III. ANALYSIS

Defendant moves to dismiss Plaintiff's complaint based on the statute of limitations. Judicial review of the SSA's final decision on Title II claims for disability benefits is provided for by Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Indeed, Plaintiff's complaint invokes Section 205(g) as the provision conferring jurisdiction upon this Court.[38] Section 205(g) generally requires an individual seeing review to commence a civil action within sixty days from the mailing of the challenged decision.[39] The statute further provides that Section 205(g)

---

[37] *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotations omitted).

[38] Amended Complaint, at 1, ¶ 1.

[39] 42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

is the exclusive source of judicial review.[40] The Fifth Circuit enforces the sixty-day limitation period.[41] Moreover, as provided by the last sentence of Section 205(h), the courts have no federal question jurisdiction under 28 U.S.C. § 1331 over actions brought against the Commissioner.[42] Thus, Plaintiff's challenge to the decision of the Commissioner here must be filed pursuant to Section 205(g).

Plaintiff claims that he is due retroactive Social Security disability benefits for the period August 29, 1996 to June 9, 2002. The legal basis for Plaintiff's argument is not entirely clear. To the extent Plaintiff argues that the ALJ's Decision was erroneous because it should have granted him benefits retroactive to August 29, 1996, Plaintiff's claim in this Court is time-barred under Section 205(g). The ALJ ruled on June 26, 2006, that Plaintiff was entitled to benefits "[b]ased on the Title II application

---

[40] 42 U.S.C. § 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

[41] *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991) (citing, *inter alia*, *Mathews v. Eldridge*, 424 U.S. 319 (1976)); *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990).

[42] *See Mathews*, 424 U.S. at 327. Plaintiff does not assert any constitutional challenge nor present circumstances akin to those in *Mathews*.

filed on June 9, 2003."[43] The Appeals Council denied Plaintiff's request for review of the ALJ's Decision on April 26, 2007,[44] rendering the ALJ's Decision the final ruling of the Commissioner.[45] The ALJ's ruling clearly stated that benefits were granted based on Schooler's June 9, 2003 application, and the SSA's Notice of Award to Plaintiff, dated July 22, 2006, informed him that he was being placed in payment status as of June 2002.[46] Plaintiff thus had notice as of June 26, 2006, that he had not been granted disability benefits for the period from August 29, 1996 through June 9, 2002. To challenge the agency's decision, Plaintiff was required under Section 205(g) to file a civil action expressly raising the issue within sixty days of the 2007 Appeals Council denial.[47] Plaintiff did not do so. Rather, he filed this suit on December 10,

---

[43] ALJ Decision, at 4 ("Based on the Title II application filed on June 9, 2003, the claimant is entitled to a period of disability beginning August 29, 1996, and to disability insurance benefits under Sections 216(I) and 223, respectively, of the Social Security Act."). Although Schooler appears at times to argue that the ALJ actually ***did*** grant benefits retroactive to August 1996, *see* Response, at 2; Thorne Affidavit, at 1¶ 2, the text of the ALJ Decision does not support that position. In fact, although the ALJ Decision found Schooler disabled as of August 29, 1996, it never discussed a possible award of benefits retroactive to 1996.

[44] Ortiz Declaration, at 3.

[45] The Appeals Council's denial of review is the final decision of the Commissioner, triggering the sixty-day period under Section 205(g). *See, e.g., Cole v. Barnhart*, 193 F. App'x 279, 281 n. 3 (5th Cir. 2006).

[46] Notice of Award, dated July 22, 2006 (Exhibit 4 to Ortiz Declaration).

[47] *See* 42 U.S.C. § 405(g).

2010, more than *three years* after the Appeals Council's ruling.[48]

To the extent that Plaintiff instead relies on the 1996 or 1997 applications he claims to have filed that allegedly were lost in that time frame, as distinguished from the 2006 decision of the ALJ and the 2007 Appeals Council denial of review,[49] the Court lacks jurisdiction over the claim.  For this analysis, the Court assumes but does not decide that Plaintiff has produced evidence of actual submission of an application in 1996 or 1997 and that the application(s) was/were lost in the 1990s.  As noted, "[t]he only avenue for judicial review [in an action challenging denial of claimed benefits] is [Section 205(g)], which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite."[50]  Section 205(h) precludes

---

[48]  Equitable tolling of the sixty-day limitation period is appropriate in rare cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (quoting *Mathews*, 424 U.S. at 330); *see Flores*, 945 F.2d at 113.  No such equities are apparent in this case.  Plaintiff has presented no explanation for failure to timely file this suit.

[49]  Plaintiff argues that "[t]he 60-day statute of limitations narrowly applies to situations where the Claimant has received an unfavorable determination after a hearing by an ALJ, or the Appeals Council had denied the Claimant's request for review.  It does not cover cases where the Social Security Administration has been found not to pay benefits."  Response, at 3.

[50]  *Mathews*, 424 U.S. at 327; *see* 42 U.S.C. § 405(h). *Cf. Wolcott v. Sebelius*, 2011 WL 870724, *6 (5th Cir. Mar. 15, 2011) (second sentence of Section 205(h) "is only controlling where a judicial decision favorable to the plaintiff would affect the merits of whether the plaintiff is entitled to the benefits, not when the suit is brought to review otherwise unreviewable procedural issues").

federal question jurisdiction under § 1331,[51] and Plaintiff's claim fails.

Finally, Plaintiff argues that the six-year limitations period under 28 U.S.C. § 2415 is "the appropriate statute of limitations" for this lawsuit. Section 2415, by its plain language, applies to actions for money damages brought *by* the federal government.[52] Plaintiff asserts that, because Section 2415 is applied when the SSA sues a beneficiary to collect reimbursement for SSA overpayments, it "stands to reason" that Plaintiff can use the same provision to sue the SSA. Plaintiff deduces that his claim concerns, "[i]n essence, an underpayment," and thus Section 2415's six-year limitations period should apply to his lawsuit. Plaintiff cites no authority for his novel theory of application of Section 2415 as the appropriate limitations period for a claimant's challenge regarding the SSA's nonpayment of benefits, and the Court knows of none. Indeed, Plaintiff's argument is belied by the statute's plain terms.

---

[51] *Mathews*, 424 U.S. at 327.

[52] Section 2415 provides:

> Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages ***brought by the United States or an officer or agency thereof*** which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later . . . .

28 U.S.C. § 2415(a) (emphasis added).

Section 2415 applies to actions commenced by the United States, not a suit commenced by an individual. The Court rejects Plaintiff's Section 2415 argument.

## IV. CONCLUSION

For all of the foregoing reasons, the Court finds that no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. It is therefore

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint and Brief in Support [Doc. # 5] is **CONVERTED** to a motion for summary judgment. It is further

**ORDERED** that summary judgment is **GRANTED** for Defendant. This suit is **DISMISSED WITH PREJUDICE**.

A separate final judgment will issue.

SIGNED at Houston, Texas, this **31st** day of **March, 2011**.

_____
Nancy F. Atlas
United States District Judge